# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# (COVINGTON)

| | | |
|---|---|---|
| **DAVID BELL, et al.,** | : | **Case No. 2:19-cv-00053-DLB-CJS** |
| | : | |
| Plaintiffs, | : | **Judge David L. Bunning** |
| | : | **Magistrate Judge Candace J. Smith** |
| - vs - | : | |
| | : | <u>**DEFENDANT KOKOSING INDUSTRIAL,**</u> |
| **KOKOSING INDUSTRIAL, INC., et al,** | : | <u>**INC.'S REPLY IN SUPPORT OF ITS**</u> |
| | : | <u>**MOTION FOR EXTENSION OF TIME**</u> |
| Defendants. | : | <u>**TO ANSWER COUNTS I AND VI OF**</u> |
| | | <u>**PLAINTIFFS' AMENDED COMPLAINT**</u> |

Plaintiffs' Opposition to Kokosing's Motion for Extension of Time to Answer the two causes of action not encompassed by Kokosing's Motion for Partial Dismissal[1] confirms that the Bells seek to use this litigation to collaterally attack the ongoing administrative jurisdiction of the Kentucky Department for Environmental Protection ("KDEP"). The Bells advised the Court in the first paragraph of their Memorandum that they seek what they refer to as a "clean closure" under KRS § 224.1-400 (18)(c). What they failed to disclose to the Court is that KDEP approved a Corrective Action Plan ("CAP") submitted by Defendants on July 17, 2019 for managed closure pursuant to KRS § 224.1-400 (18)(b). (Attached as Exhibit 1.) The Access Agreement and Environmental Covenant attached as Exhibits 2 and 3 to the Bell Opposition are designed to facilitate the execution of the CAP approved by KDEP. The only reason remediation may not commence as planned is the refusal of the Bells to allow access to their property because they disagree with KDEP's approval.

The KDEP approval letter notes that:

> If the approved plan is hindered/delayed by any party, with restricted access, any delays not requested or approved in the plan,

---

[1] The Bells' Opposition to Kokosing's Motion for Extension incorrectly asserts that Kokosing seeks an extension regarding Counts I and IV. As noted in Kokosing's Motion, the request relates to Counts I and VI.

> failure to meet any requirements KRS 224.01-400 (18)(b) then that party or parties will be referred to Kentucky OLS/Enforcement Branch.  Also there will be no changes to the approved plan.

The Bells, who as noted in their Amended Complaint [Doc 27 ¶ 193, Page ID#: 1080], are also party to the Notice of Violation issued by KDEP are apparently intent on resisting KDEP's instruction and facing an enforcement action.  They are entitled to do so and fight through the administrative process and on to judicial review at the conclusion of that process.  What they are not entitled to do under Kentucky law as fully explained in Kokosing's Motion for Partial Dismissal [Doc 38, Page ID#: 1217-1219] is to derail the administrative process by diverting the remediation issue into the judicial system while administrative proceedings are under way.  *W.B. v. Commonwealth Cabinet for Health & Family Services*, 388 S.W.3d 108 (Ky. 2012).  Significantly, the *W.B.* court relied upon the principle of ripeness under federal, as well as state law, relying heavily on *National Park Hospitality Ass'n. v. Dep't. of Interior*, 538 U.S. 803, 807-08 (2003) for the principle that "ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  388 S.W.3d at 115.  The Bells did not seek declaratory or injunctive relief in their original Complaint and did not oppose Kokosing's request for an extension of time to answer Count I asserting breach of contract.  Only after KDEP approved the proposed CAP in July did they suddenly deem time to be of the essence.  This Court should invoke the ripeness doctrine and decline to usurp KDEP's ongoing jurisdiction.

The Bells' Opposition further mistakenly assumes that forcing Kokosing to answer the Amended Complaint in piecemeal fashion would somehow accelerate the adjudication of this action.  The Amended Complaint freely admits that the contract attached to both the Complaint

and Amended Complaint is not identical to the document that Mr. Bell claims he signed [Doc 27 ¶¶ 91-94, Page ID#: 1060].  Substantial discovery will likely be necessary before the Court can make any ruling regarding the terms of the contract.  Based on the allegations of the Complaint, it is highly unlikely that the Court can make any determination on liability or craft any remedy without conducting a full trial of the issues including whatever argument Plaintiffs may make that damages are not an adequate remedy of law.  Forcing Kokosing to respond to parts of the Complaint at this time would thus be a waste of resources with no countervailing benefit to any party.

For the foregoing reasons, Defendant Kokosing Industrial, Inc. respectfully requests the Court grant its Motion for Extension of Time to Answer Counts I and VI of the Plaintiffs' Amended Complaint.

Respectfully submitted,

*/s/ Robert P. Johnson*
Robert P. Johnson (86282)
Andrew L. Kolesar (88305)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone:  (513) 352-6769
Fax:  (513) 241-4771
Rob.Johnson@ThompsonHine.com
Andrew.Kolesar@ThompsonHine.com

Counsel for Defendant,
Kokosing Industrial, Inc.

CERTIFICATE OF SERVICE

    I hereby certify that on September 12, 2019, a copy of the foregoing was filed electronically, and that notice of this filing will be sent to registered parties by operation of the court's electronic filing system.

                                              /s/ Robert P. Johnson

4847-1622-5701.1