UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
(COVINGTON)

| | | |
|---|---|---|
| DAVID BELL, et al., | : | Case No. 2:19-cv-00053-DLB-CJS |
| | : | |
| Plaintiffs, | : | Judge David L. Bunning |
| | : | Magistrate Judge Candace J. Smith |
| - vs - | : | |
| | : | **DEFENDANT KOKOSING INDUSTRIAL,** |
| KOKOSING INDUSTRIAL, INC., et al, | : | **INC.'S REPLY IN SUPPORT OF** |
| | : | **PARTIAL MOTION TO DISMISS** |
| Defendants. | : | **AMENDED COMPLAINT** |

## INTRODUCTION

The Bells' attempt to excuse their effort to turn a straight-forward breach of contract action into an unwieldy fifteen count leviathan as the product of "pleading in the alternative" fails because alleging facts which contradict the basis for and thus defeat the tacked on causes of action does not constitute "pleading in the alternative." Plaintiffs' effort to conceal the key difference between their claims against Kokosing and their claims against the other Defendants, cannot mask the fact that the Bells are undeniably in privity of contract with Kokosing. Plaintiffs allege the existence of a Waste Agreement throughout the Amended Complaint and even attach it as an exhibit. Kokosing concurs that its relationship with the Bells was based on contract and thus does not seek dismissal of Count I. While the Bells may dispute the precise terms of the Agreement, the relationship is unquestionably governed by a written document. As a matter of binding Kentucky law, the existence of that contract mandates dismissal of the following claims asserted against Kokosing in the Amended Complaint because:

1. The Court should dismiss the Bells' claims for promissory estoppel and equitable estoppel because such equitable claims are not cognizable when, as here, a written contract governs the relationship between the parties;

2. The Court should dismiss the Bells' fraud claim against Kokosing because Kentucky does not recognize a claim for fraudulent breach of contract which is exactly what Plaintiffs allege to the point of specifically invoking an alleged violation of the Waste Agreement as the basis for Kokosing's alleged fraudulent misrepresentations; and

3. The Court should dismiss the Bells' claims based on common law negligence because, as a matter of Kentucky law, a party to a contract may bring such a claim only where the duty arises from a basis independent of the contract.

The Bells' efforts to defend the remaining causes of action subject to Kokosing's Partial Motion to Dismiss fare no better. The less than two page defense of Plaintiffs' absurd RICO claim offers no example of a predicate act by Kokosing, and tacitly concedes the absence of any factual allegations supporting the existence of an open or closed-ended continuity. The Bells now appear to acknowledge that this claim is meritless if not frivolous. While half-heartedly defending their claim for alleged violation of the Kentucky Consumer Protection Act ("KCPA"), the Bells overlook the fact that the Waste Agreement did not involve the purchase of goods or services and that transactions involving real estate are excluded. They concede in contravention of Kentucky law that their claim for injunctive and declaratory relief seeks to use this Court's jurisdiction to usurp the authority of the Kentucky Department of Environmental Protection ("KDEP") and requests relief that the Bells have no standing to seek. The remaining causes of action simply fail to allege the facts sufficient to carry the Bells' burden of demonstrating the existence of a plausible claim. Accordingly, Kokosing respectfully requests that the Court dismiss Counts II, III, IV, V, VII, VIII, IX, X, XI, XII and XIII of Plaintiffs' Amended Complaint against Kokosing, along with the unnumbered claim for declaratory and injunctive relief.

**ARGUMENT**

A. **The Bells Cannot "Plead In The Alternative" Claims For Promissory And Equitable Estoppel When The Parties Agree That Their Relationship Is Governed By A Contract.**

In light of the agreement of the Bells and Kokosing that their relationship is governed by some version of the Waste Agreement attached to the Second Amended Complaint, Plaintiffs' dogged insistence on maintaining the two now useless equitable claims pled as Counts II and III is baffling. As this Court noted in *Arnold v. Liberty Mut. Ins. Co.*, 392 F. Supp. 3d 747, 778-79 (E.D. Ky. 2019) (Bunning, J.), "promissory estoppel is not intended to provide an alternative to a breach of contract claim, where a contract exists on the subject matter of the alleged promise sought to be enforced, a claim for promissory estoppel is not cognizable." (Granting motion for judgment on the pleadings on promissory estoppel claim where written insurance policy governed relationship of the parties). Based on the four corners of the complaint and this Court's decision in *Arnold*, the Court should dismiss Count II.

Likewise, in the absence of any dispute as to whether or not a contract exists between the Bells and Kokosing, equitable estoppel has no place in this action. As even the cases upon which the Bells rely demonstrate, equitable estoppel is not an independent cause of action but is instead a doctrine that allows a party to assert that it would be inequitable for another party to deny the existence of a vested right. If Kokosing denied that it contracted with the Bells, the Bells would thus be entitled to seek equitable relief estopping Kokosing from denying its obligations under the Waste Agreement. Kokosing does not however, deny that it contracted with the Bells. Therefore, the Court should dismiss Count III of the Amended Complaint.

The precedent upon which the Bells rely does not alter this conclusion. *Smith v. Smithkline Beecham*, 2010 U.S. Dist. LEXIS 89759 (E.D. Ky. Aug. 30, 2010) stands for the common sense proposition that a plaintiff may assert seemingly contradictory claims against two

3

different parties. The Bells do not seek to do so here. They impermissibly seek to assert estoppel claims that cannot stand when both parties agree that their relationship was governed by a written contract. Even more instructive is *North Atlantic Operating Co. v. ZZSS, LLC*, 2018 U.S. Dist. LEXIS 46067 (W.D. Ky. Mar. 20, 2018) in which the court declined to dismiss a claim alleging promissory estoppel as an alternative to a claim for breach of contract because the validity of the contract, a prior settlement agreement between the parties, was in dispute. In contrast, the validity of the Waste Agreement is not at issue. The Plaintiffs appear to contest some of the terms of their own exhibit, but not its enforceability. With the Bells and Kokosing in agreement that the Waste Agreement governs their relationship, Plaintiffs' insistence on maintaining their superfluous equitable claims is misguided and unsupported by law.

### B. The Court Should Dismiss The Bells' Fraud Claim Against Kokosing Because Kentucky Does Not Recognize A Claim For Fraudulent Breach Of Contract.

The Bells' effort to excuse their assertion of a claim for fraud as alternative pleading overlooks the fact that the Amended Complaint asserts a claim for fraud not as an alternative to the breach of contract claim, but purportedly based upon an alleged breach of the Waste Agreement. Paragraph 248 of the Amended Complaint, the first substantive allegation in Count IV states:

> Kokosing entered into a written contract with Plaintiffs to excavate and transport clean, non-contaminated fill material from the sewer project and dump and spread this untainted fill onto Plaintiffs' property in compliance with Plaintiffs' floodplain permit. In proposing and entering into the contract with Plaintiffs, Kokosing was acting as the actual or apparent agent of the City and MSD.

Paragraph 251 further links the fraud claim to what "Kokosing explicitly represented in the written contract between Plaintiffs and the company . . . ." The Bells allege in paragraph 253 that:

4

>Kokosing violated and breached its contract with Plaintiffs by illegally, intentionally, and knowingly dumping fill material contaminated with toxic and carcinogenic contaminates on Plaintiffs' property.

The Supreme Court of Kentucky clearly articulated in *Nami Res. Co. v. Asher Land & Mineral. Ltd.*, 554 S.W.3d 323, 336 (Ky. 2018) that where a party's claim lies in breach of contract, even if the breach is motivated by malice and accomplished through fraud, the breach of contract claim represents the exclusive remedy and no claim for fraud exists.  The Bells likewise cannot rely upon alleged oral representations by Kokosing personnel because the Waste Agreement attached to the Amended Complaint as Exhibit 2 and thus incorporated by its terms into the pleading contains an integration clause clearly captioned "Sole Agreement of the Parties" which bars such claims.  *Rivermont Inn, Inc. v. Bass Hotels Resorts Inc.*, 113 S.W.3d 636, 640-41 (Ky. Ct. App. 2003).   The Bells do not dispute that the integration clause was contained in the Waste Agreement signed by David Bell and Plaintiffs do not dispute its effect in their opposition to Kokosing's Motion.

Aside from this fatal flaw in the Bells' fraud claim against Kokosing, Plaintiffs fail to plead facts specific to misrepresentations attributable to Kokosing.  Specifically, the Bells never identify a specific Kokosing speaker responsible for the allegedly untrue statements and never explain why the operative statements are fraudulent.  Both are mandatory under Kentucky law. *See, Ind. State Dist. Council of Laborers v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009).

The eleven bullet points the Bells offer at pages 9 and 10 of their opposition refer only to unnamed "authorized representatives," "representatives," and/or "representatives and agents," of Kokosing.  Plaintiffs cannot even identify these phantom actors as employees of Kokosing.  To the contrary, the only individual the Bells identify by name throughout the supposedly operative paragraphs of the Amended Complaint is an engineer employed by the City of Cincinnati named

5

Raymond Schork.[1]  In light of the Amended Complaint's factually unsupported assertions that the Defendants conspired and acted as agents of one another, (see, e.g., Compl. ¶¶ 249, 261, 263), the anonymous actors referenced in the paragraphs Plaintiffs cite could be employees or independent contractors of any of the five Defendants.

Recognizing this fact, the Bells futilely assert that they have alleged a claim for civil conspiracy thus making the actions of one party attributable to all.  The Bells assert no such conspiracy claim but merely sprinkle conclusory allegations that the Defendants conspired with one another throughout the pleading as if the word "conspiracy" confers some mystical power upon the Complaint.  In the absence of supporting factual allegations, the conclusory invocation of that word lacks the power to render one party liable for the wrongdoing of another.  "When a fraud claim is alleged against multiple defendants, each defendants' role must be particularized with respect to their alleged involvement in the fraud."  *GMAC Mort., LLC v. McKeever*, No. 08459-JBC, 2010 U.S. Dist. LEXIS 91118 at *8-9 (E.D. Ky. Aug. 31, 2010).  Throwing around a conclusory term fails to accomplish Plaintiffs' desired effect.  Asserting the existence of a conspiracy without alleging facts supporting such conspiracy cannot save the Bells' claim for fraud or any other cause of action.[2]

### C. <u>Kentucky Does Not Recognize A Claim For Negligent Breach of Contract.</u>

The Bells ignore Kokosing's argument that the Court should dismiss Count V alleging common law negligence because the Amended Complaint asserts no duty beyond that established by the Waste Agreement.  Based on the authority of *Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC,* 540 S.W.3d 770, 793 (Ky. 2018), the Court should dismiss the common

---

[1] As the City of Cincinnati will undoubtedly articulate in its reply in support of its motion to dismiss, the mere identification of Mr. Schork does not lay an adequate predicate to plead a fraud claim against the City or any other Defendant.

[2] As the Bells admit at Paragraph 193 of the Amended Complaint that they were named by KDEP in the Notice of Violation on January 22, 2018, the last possible date on which they would have become aware of the existence of contaminants on their property, a claim for civil conspiracy would not be within the one year statute of limitations anyway. See KRS § 413.140(1)(C).

law negligence claim with regard to Kokosing because Plaintiffs can point to no legal duty beyond that created by the Agreement upon which to base its claim.

### D. The Allegations Of The Amended Complaint Concede That Kokosing Did Not Intentionally Deposit Contaminated Fill On The Bell Property.

The Bells' only response to Kokosing pointing out that the allegations of the Amended Complaint failed to support a claim for intentional trespass is to label the argument "utter nonsense" without citation to a single paragraph in the pleading. Mere invective cannot save the claim. The Amended Complaint alleges that the Waste Agreement between Kokosing and the Bells authorized Kokosing to deposit clean fill on the Bell property. While the Amended Complaint asserts in detail at paragraphs 111 through 129 that the City of Cincinnati, MSD and ATC were aware of contamination at various sections of the Lick Run project, those allegations assert no such claim regarding Kokosing. Instead, the Amended Complaint alleges only that Kokosing was aware that somewhere on the project some soil may be contaminated. The remainder of the pleading demonstrates that Kokosing requested ATC to test black foundry sand in area 20 on October 12, 2017 (Compl. ¶ 138) and that Kokosing subsequently wrote to the City, MSD and ATC asking for verification of the accuracy of ATC's soil classification (Compl. ¶ 145).

The Bells cannot deny that under Kentucky law "the intention, or state of mind, of the trespasser" is key to determining whether a willful or intentional trespass has occurred. *Church and Mullins Corp. v. Bethlehem Minerals Co.*, 887 S.W.2d 321, 324 (Ky. 1992). The Bells' intentional trespass claim against Kokosing fails not because of a mere pleading deficiency, but because the factual allegations of the Amended Complaint demonstrate that Kokosing not only had no idea that fill deposited on the Bell property was contaminated but affirmatively believed it was not and attempted to gain verification of that belief from ATC and the City of Cincinnati,

7

the parties with superior knowledge. For the Court to accept Plaintiffs' argument in light of the facts alleged in the Amended Complaint it must override the principle of Kentucky law that a duty based on contract cannot alone give rise to a claim in tort and instead conclude that allegations that Kokosing breached the Waste Agreement by accidently depositing contaminants instead of clean fill on the Bell property also states a claim for trespass. The Bells cite no case law to support this conclusion.

### E. The Court Should Dismiss Count VIII Alleging Violation Of The Kentucky Consumer Protection Act Because By Definition The Transaction At Issue Was Not For The Purchase Or Lease Of Goods Or Services And Involved Improvements To Real Property.

The Bells' effort to salvage Count VII is unavailing as it overlooks the fact that the transaction alleged in the Amended Complaint did not involve the purchase or lease of goods or services. Under Kentucky law, "there is a threshold requirement of the purchase of goods and services in KRS § 367.220(1)." *Collins v. Kentucky Lottery Corp.*, 399 S.W.3d 449, 451 (Ky. Ct. App. 2012). The allegations of the Amended Complaint and the Agreement attached as Exhibit 2 demonstrate the Bells did not purchase anything. Instead, the Agreement granted Kokosing ingress and egress rights to the Bell property. Kokosing had the contractual right to deposit clean fill on the Bell property. The Bells, however, did not buy anything. In the absence of an allegation that would support the conclusion that the transaction at issue fits under the definition of consumer transaction under the Act, the Bells cannot maintain a claim for breach of the KCPA.

Plaintiffs claim under the KCPA further fails because the transaction at issue was one involving an intended improvement to real property. The Bells, once again, with no supporting precedent assert that *Craig v. Keene*, 32 S.W.3d 90 (Ky. App. 2000) applies only to the sale of real estate. Plaintiffs fail, however, to address the holding in *Aud v. Illinois Central R.R. Co.*,

8

955 F. Supp. 757, 759 (W.D. Ky. 1997), in which the court noted that even if improvements to real property are moveable, they do not constitute consumer goods and are thus not subject to a claim under the Act.[3]

### F. The Court Should Dismiss Count IX Because The Bells Fail To Point To A Single Factual Allegation Supporting A Claim For Negligence Per Se Based On Violation Of The Kentucky Criminal Mischief Statute.

The Bells all but abandon their ninth cause of action alleging negligence per se based upon KRS § 512.020 entitled Criminal Mischief. In response to Kokosing's citation to multiple allegations demonstrating efforts to confirm that fill extracted from the Lick Run site was clean and not contaminated, the Bells cite to nothing but conclusory allegations. These non-factual assertions do not meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Based upon the manifest admissions contained in the Amended Complaint that Kokosing sought assurance from ATC and the City of Cincinnati regarding the classification of soil deposited on the Bell property, the Court cannot conclude that Plaintiffs have alleged facts sufficient from which to infer intentional or wanton conduct on the part of Kokosing and should thus dismiss Count IX.

### G. The Amended Complaint Alleges No Facts Upon Which The Court Could Infer "Oppression", "Malice", or "Gross Negligence".

None of the causes of action upon which the Bells could base a claim for punitive damages should survive Kokosing's Motion for Partial Dismissal. The Bells, once again, fail to point to a single factual allegation from which the Court could infer anything beyond a simple mistake by Kokosing or by the other Defendants. Accordingly, the Court should dismiss the claim for punitive damages.

---

[3] In light of the Bells' newly minted insistence that its intentions regarding the use of their property involve strictly personal, residential use, Kokosing respectfully suggests that Plaintiffs are barred from later asserting a claim for damages based on their alleged inability to subdivide the land for resale in the event of a hypothetical future amendment of the controlling zoning code as suggested by both the Complaint and Amended Complaint.

### H.   The Bells' Own Precedent Demonstrates That The Court Should Dismiss Count XI Alleging Private Nuisance.

The first sentence of the Bells' defense of its nuisance claim admits that one element of the claim is "reasonableness of the **Defendant's** use of **his** property." *Modern Holdings v. Corning, Inc.*, 2015 U.S. Dist. LEXIS 41134 at *10-11 (E.D. Ky. March 31, 2015) (citing *Louisville Ref. Co. v. Mudd*, 339 S.W.2d 181, 186 (Ky. 1950) (emphasis added). The Amended Complaint alleges no use, reasonable or otherwise, of Kokosing's own property. The concept of nuisance thus simply does not apply to the facts alleged in the Amended Complaint. Even if Plaintiffs could assert a nuisance claim, the measure of damages to which the Bells would be entitled, the reduction in fair market value of their property caused by the nuisance but not to exceed the fair market value of the property, is identical to the remedy for breach of contract. Accordingly, the Court should dismiss Count XI.

### I.   The Bells' RICO Claim Fails To Meet Any Of The Criteria For The Claim.

The fact that the Bells expend fewer than two pages of their opposition defending their effort to meet the monumental pleading requirements of a civil RICO claim suggests that Plaintiffs essentially concede that cause of action. The few paragraphs of the Amended Complaint cited in the Bells' opposition make it even more clear that Plaintiffs cannot state a claim for violation of the RICO statute by Kokosing.

First, the Bells do not assert any factual allegations of any predicate offenses let alone two or more involving Kokosing. Of the paragraphs of the Amended Complaint cited for the existence of predicate acts of mail or wire fraud, only one, paragraph 91, has anything to do with Kokosing. That paragraph, which asserts that Kokosing's counsel emailed an altered version of the Waste Agreement to Plaintiffs' counsel refers to an event that allegedly took place on July 27, 2018. By the Bells own admission, this occurred "long after the events giving rise to this

legal dispute occurred . . ." (Compl. ¶ 91). By their own admission, the only predicate fact involving Kokosing upon which Plaintiff relies is irrelevant to the existence of any cause of action against Kokosing because it took place long after the events giving rise to the dispute.

Second, the Bells fail to allege facts supporting the existence of an enterprise. Instead, as noted throughout Kokosing's Motion and this Reply, the facts alleged demonstrate that far from a concerted effort to pollute the Bells' property, Kokosing consistently sought assurance from the other Defendants that the fill hauled from the Lick Run site was clean. Once again, the only paragraphs of the Amended Complaint upon which the Bells rely refer to the City of Cincinnati, MSD and ATC, but not Kokosing.

Finally, had the Bells bothered to read Kokosing's Motion or even the very cases the Bells cite in their opposition, they would recognize that their failure to allege facts supporting either an open-ended or closed-ended continuity. As the Sixth Circuit Court of Appeals noted in *Grubbs v. Sheakley Group, Inc.,* 807 F.3d 785, 805 (6th Cir. 2015), RICO liability does not lie where the defendants had a "single objective" and the complaint alleges no facts suggesting the alleged scheme would continue beyond the accomplishment of that single goal. *See also*, *Moon v. Harrison Piping Supply*, 465 F.3d 719, 725 (6th Cir. 2006). The allegations in the *Sheakley* complaint alleged an eight month course of conduct which is substantially longer than the course alleged in the Bells' Amended Complaint. This brief period of alleged criminal conduct with no allegation even suggesting a scheme extending beyond the Bell property is fatal to Plaintiffs' ability to establish the existence of any continuity.

**J.     The Court Should Dismiss Count XIII Of The Amended Complaint Alleging A "Joint Venture Claim" Because Parties With Different Interests, No Agreement To Share Profit Or Loss, And No Equal Right To Direct The Alleged Enterprise Do Not Constitute A Joint Venture.**

The Bells' futile effort to create some form of liability on the part of four distinct entities bound by different contracts none of which include all four parties would, if accepted, mean that every lawsuit involving multiple contracting parties would involve a joint venture claim. That is not the law in Kentucky. After flailing through general platitudes regarding the concept of joint ventures including an inexplicable reliance upon the dissent from *Roethke v. Sanger*, 68 S.W.3d 352 (Ky. 2001), the Bells ultimately concede that they cannot establish the existence of a joint venture without alleging the four factors set forth in *Abbott v. Chesley*, 413 S.W.3d 589, 602 (Ky. 2013). The Bells cannot satisfy any of these factors.

The Amended Complaint does not allege the existence of a single agreement among the members of the group. To the contrary, the Amended Complaint does not identify one single contract between all of the Defendants. The Amended Complaint alleges no facts suggesting a common pecuniary interest. While the private contractors undoubtedly hoped to turn a profit from their respective agreements, the Bells proffer no facts to support the contention that the Defendants agreed to share profits or losses. Instead, Defendants each had their own contracts relevant to Lick Run, presumably containing individually negotiated economic terms. It would be entirely possible for one party to achieve a profit from its work while another suffered a loss depending on how well they negotiated and performed their respective agreements. Moreover, there is no indication that the City of Cincinnati and MSD, which the Amended Complaint alleges commenced the Lick Run project pursuant to a consent decree with the U.S. EPA (Comp. ¶ 10), had the ability let alone the intention to profit from the Lick Run project in any manner.

Finally, the Bells admit that they have no facts to support the contention that the Defendants had an equal right to a voice in the direction of the alleged joint venture. In the absence of facts to support this allegation, the joint venture claim such as it is fails.

**K.     The Bells Are Not Entitled To The Injunctive Or Declaratory Relief They Claim To Seek.**

No part of the over-wrought Amended Complaint exemplifies the misguided nature of the pleading more than the unnumbered claim for injunctive or declaratory relief. This Court will recall that the Bells did not include this claim in their original Complaint, [Doc #1], but added it to the Amended Complaint filed August 19, 2019, three and a half months later. At that time, the Bells insisted on the need to obtain immediate relief to the point of unsuccessfully insisting that Kokosing file an Answer to the breach of contract claim so Plaintiffs could pursue its alleged equitable remedies at once. [Doc # 43]. Kokosing moved to dismiss citing the blatant effort to use this Court to circumvent KDEP's authority. The Bells apparently now no longer believe they need immediate relief, instead asking the Court to allow their claim to "play out."[4] They concede however, that they do intend to ask the Court to overrule KDEP if the enforcement proceeding to which the Bells object does not result in what they deem to be an acceptable outcome. [Doc # 50 at 1379]. This is a flagrantly improper use of the Court's authority as it would override Kentucky's administrative procedure structure and ultimately require yet another amendment of the Complaint to join KDEP to this action to prevent inconsistent results. Reliance upon inapplicable case law from district courts in Texas does not change that fact.

While the Bells correctly note that a few requests included in the injunction and declaratory relief claim do not seek to interfere with KDEP's jurisdiction, three of the five that

---

[4] Having done nothing to pursue injunctive relief during the first six months of this litigation, abandoning their insistence on immediate injunctive relief appears to be a wise tactical move by the Bells. Absent from their memorandum, however, is any explanation as to why the many claims sounding in law asserted in the Amended Complaint are inadequate to address Plaintiffs' alleged injuries.

do not relate to contracts and properties (f., g. and h.) have nothing to do with the Bells, who thus lack standing to assert the right to any relief. Accordingly, the Court should dismiss the claim as alleged. If at some later point in the litigation the Bells succeed in mustering support for any claim for injunctive or declaratory relief to which they are actually entitled, the Court may of course consider amendment at that time.[5]

## CONCLUSION

For the foregoing reasons, Defendant Kokosing Industrial, Inc. respectfully moves this Court to dismiss Counts II, III, IV, V, VII, VIII, IX, X, XI, XII and XIII of Plaintiffs' Amended Complaint against Kokosing, along with the unnumbered claim for declaratory and injunctive relief pursuant to Fed. R. Civ. P. 12(B)(6) and ask that the Court grant Kokosing such further relief as is just and proper.

---

[5] The only two requests for declaratory and injunctive relief contained in Paragraph 393 of the Amended Complaint that are not subject to dismissal either because they seek to usurp KDEP's authority or for lack of standing are subparts a. and b. which merely restate the Bells' breach of contract claim and are thus subsumed by Count I.

Respectfully submitted,

*/s/ Robert P. Johnson*
Robert P. Johnson (86282)
Andrew L. Kolesar (88305)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 352-6769
Fax: (513) 241-4771
Rob.Johnson@ThompsonHine.com
Andrew.Kolesar@ThompsonHine.com

Counsel for Defendant,
Kokosing Industrial, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019 a copy of the foregoing was filed electronically, and that notice of this filing will be sent to registered parties by operation of the court's electronic filing system.

*/s/ Robert P. Johnson*

4811-3160-0043.1